UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CRESENCIO VIDAL-MARTINEZ,                     :
LEOBARDO PEREZ, & EDUARDO               :
BALLINAS, on Behalf of Themselves and Other   :
Similarly Situated Employees,                          :
                                                                        :
                                               Plaintiffs,        :
                                                                        :
                                                                        :      **COMPLAINT AND**
                   -against-                                      :      **JURY DEMAND**
                                                                        :
THE PUMP ENERGY FOOD, 55TH STREET   :      JUDGE PRESKA
RESTAURANT OPERATING CORP.,             :
38TH STREET RESTAURANT OPERATING,    :      08 CV 1688
LLC, 31ST STREET RESTAURANT               :
OPERATING, LLC, 21ST STREET                  :
RESTAURANT OPERATING, LLC,                 :
STEVEN KAPELONIS & STEVEN CAPOLINI,  :
Jointly and Individually,                              :
                                               Defendants.     :
-------------------------------------------------------------X

Plaintiffs, through their attorney, complaining of Defendants, allege as follows:

NATURE OF THE ACTION

1.      Plaintiffs allege, on behalf of themselves and other similarly situated

current and former employees of the Defendants, who elect to opt into this action

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are:

(i) entitled to overtime work for which they did not receive overtime premium pay, as

required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C.

§§201 et seq.

2.      Plaintiffs further complain on behalf of themselves and other similarly

situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23,

that they are entitled to back wages from Defendants for overtime work for which they

did not receive overtime premium pay; and an additional hour of pay at the applicable

minimum wage for each day defendants worked 10 or more hours. 12 NYCRR § 137-1.7.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims in this action

pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental

jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition,

this Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §

216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the

Defendants' principal places of business are in this district and a substantial part of the

events or omissions giving rise to the claims occurred in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff CRESENCIO VIDAL-MARTINEZ, at all relevant times, resided

in Brooklyn, New York.

7.      Plaintiff EDUARDO BALLINAS, at all relevant times, resided in

Brooklyn, New York.

8.      Plaintiff LEOBARDO PEREZ, at all relevant times, resided in Brooklyn,

New York.

9.      Upon information and belief, Defendants THE PUMP ENERGY FOOD,

55TH STREET RESTAURANT OPERATING CORP., 38th STREET RESTAURANT

OPERATING, LLC, 31ST STREET RESTAURANT OPERATING, LLC, and 21ST

STREET RESTAURANT OPERATING, LLC are corporations organized and existing under the laws of the State of New York and conduct business in New York, NY, and conduct business as one entity for a common purpose.

10.    Upon information and belief, Defendant STEVEN KAPELONIS is an officer, director and/or managing agent of one or all of the Corporate Defendants and participates in the day-to-day operations of the Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Defendants.

11.    Upon information and belief, STEVEN KAPELONIS is a resident of New York State at an address unknown to Plaintiffs at this time and has his principal places of business at in New York County.

12.    Upon information and belief, Defendant STEVEN CAPOLINI is an officer, director and/or managing agent of one or all of the Corporate Defendants and participates in the day-to-day operations of the Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Defendants.

13.    Upon information and belief, STEVEN CAPOLINI is a resident of New York State at an address unknown to Plaintiffs at this time and had his principal places of business at in New York County.

14.    The Defendants owned and operated Restaurants in New York City called The "Pump Energy Food" In New York, New York.

15.    Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

16.    Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees; controlled Plaintiffs' work schedules and conditions of employment; determined the rate and method of their payment; and kept at least some records regarding their employment.

17.    Upon information and belief, Defendants operated the  businesses as one common business which are not separate and distinct.  Furthermore, workers, such as plaintiffs, were often moved to different locations, in other words, to work at different "Pump Energy Food" locations.

## COLLECTIVE ACTION ALLEGATIONS

18.    Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since February 15, 2002 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid premium overtime pay for all of the hours that they

worked, that is, who were paid less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek.

19.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 100 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

20.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

21.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

22.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common

questions of law and fact common to Plaintiffss and other Collective Action Members are:

    (a)    whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

    (b)    what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

    (c)    whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffss are employed, in violation of C.F.R. § 516.4;

    (d)    whether Defendants failed to pay the Collective Action Members for all of the hours which they worked and received no compensation as well as for hours worked for which they did not receive the statutory minimum wage as well as overtime compensation for hours worked in excess of forty hours per workweek and made improper deductions from their wages in violation of the FSLA and the regulations promulgated thereunder;

    (e)    whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    (f)    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    (g)    whether Defendants should be enjoined from such violations of the FLSA in the future.

23.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

24.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

25.    Plaintiffs bring their New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since February 15, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for all of the hours actually worked as well as overtime wages and/or had improper deductions from their wages in violation of the New York Labor Law (the "Class").

26.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based, are presently within the sole control of the Defendants, upon information and belief, there are at least 100 members of the Class during the Class Period.

27.    The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

28.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

29.    Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

30.    Plaintiffs have the same interests in this matter as all other members of the Class, and Plaintiffs' claims are typical of the class.

31.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

(a)  whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

(b)  what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c)  whether Defendants failed/and or refused to pay the members of the Class any compensation for all hours worked, compensation equal or greater than the statutory minimum wage for hours worked,  as well as overtime compensation for hours worked in excess of forty hours per workweek and/or made improper deductions from their wages and failed to pay members of the class for spread of hours pay within the meaning of the New York Labor Law;

(d)  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(e)  whether Defendants should be enjoined from such violations of the New York

Labor Law in the future.

## STATEMENT OF THE FACTS

32.    The above-named Plaintiffs, as well other similiarly situated employees,

worked as food preparers for Defendants.

33.    Upon information and belief, Plaintiffs earned hourly wages ranging from

$6.50 to $11.50.

34.    Plaintiffs regularly work(ed) six days a week and often worked ten or

more hours per day.

35.    Despite Plaintiffs working in excess of 40 hours a week, the Defendants

willfully failed to pay them overtime compensation of one and one-half times their

regular hourly rate and did not pay Plaintiffs spread of hours comensation according to

the  FLSA and the New York Labor Law. As stated, the exact number of such individuals

is presently unknown, but within the sole knowledge of the Defendant and can be

ascertained through appropriate discovery.

36.    Plaintiffs' work was performed in the normal course of the Defendants'

business and was integrated into the business of Defendants.

37.    Plaintiffs' duties did not include managerial responsibilities or the exercise

of independent judgment.

38.    Throughout that time and, upon information belief, both before that time

(throughout the Class Period) and continuing until today, the Defendants have likewise

employed other individuals, like the Plaintiffs (the Collective Action Members/the Class)

in positions that required little skill and no capital investment and their duties and

responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

39.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, the course of the Class Period and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

40.    At all relevant times, one or more Defendants employed and/or jointly employed one or more Plaintiffs.

41.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

42.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

43.    At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.    At all relevant times, Defendants employed and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

45.    Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

46.    Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs' written consents are attached hereto and incorporated by reference.

47.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

48.    As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.    As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiffs and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51.    Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants their unpaid

overtime compensation and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

52.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

53.    At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54.    Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek and an additional hour of pay for each hour worked in excess of ten hours in one day ("spread of hours").

55.    Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, and damages for unreasonably delayed payment of wages, additional pay for spread of hours, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs on behalf of themselves and all other similarly situated, Collective Action members and members of the Class, respectfully request that this Court grant the following relief:

(a)      Certification of this action as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and Plaintiffs' counsel to represent the Class;

(b)      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and Plaintiffs' counsel to represent the Collective Action Members.

(c)      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(d)      An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(e)      An award of unpaid overtime compensation and spread of hours pay due under the FLSA and the New York Labor Law;

(f)    An award of liquidated and/or punitive damages as a result of the

Defendants' willful failure to pay overtime compensation and spread of hours

compensation pursuant to 29 U.S.C. § 216 and New York Labor Law;

(g)    An award of prejudgment and post judgment interest;

(h)    An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

(i)    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.


Dated: New York, New York
       February 15, 2008

                              THE LAW OFFICE OF JUSTIN A.  ZELLER, P.C


                              _____
                              Justin A. Zeller, Esq. (JZ-7094)
                              Attorney for Plaintiffs
                              251 West 14th Street, 5th Floor
                              New York, New York 10011
                              Tel: (212) 229-2249
                              Fax: (212) 229-2246