**NIXON PEABODY LLP**
Randy S. Gidseg
437 Madison Avenue
New York, NY 10022
(212) 940-3000

Attorneys for Defendants 55th Street Restaurant Operating LLC, 38th Street Restaurant
Operating LLC, 31st Street Restaurant Operating, LLC, and 21st Street Restaurant Operating,
LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRESENCIO VIDAL-MARTINEZ, LEOBARDO PEREZ, & EDUARDO BALLINAS, on behalf of themselves and other similarly situated employees, <br><br>            Plaintiffs, <br><br>    v. <br><br> THE PUMP ENERGY FOOD, 55TH STREET RESTAURANT OPERATING CORP., 38TH STREET RESTAURANT OPERATING LLC, 31ST STREET RESTAURANT OPERATING, LLC, 21ST STREET RESTAURANT OPERATING, LLC, STEVEN KAPELONS & STEVEN CAPOLONI, jointly and individually, <br><br>            Defendants. | 08-CV-1688 <br> (LAP) |

## ANSWER WITH AFFIRMATIVE DEFENSES

     Defendants 55th Street Restaurant Operating LLC (incorrectly identified in the

Complaint as "55th Street Restaurant Operating Corp.," and doing business as "The Pump

Energy Food"), 38th Street Restaurant Operating LLC (doing business as "The Pump Energy

Food"), 31st Street Restaurant Operating, LLC, and 21st Street Restaurant Operating, LLC

(doing business as "The Pump Energy Food") (collectively, "Pump"), by their attorneys Nixon

Peabody LLP, hereby answer the Complaint and Jury Demand ("Complaint") of Plaintiffs

Cresencio Vidal-Martinez, Leobardo Perez and Eduardo Ballinas ("Plaintiffs") in accordance with the numbered paragraphs thereof as follows:

## NATURE OF THE ACTION

1.      Pump denies the allegations set forth in Paragraph 1 of the Complaint.

2.      Pump denies the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      The allegations set forth in Paragraph 3 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 3 of the Complaint.

4.      The allegations set forth in Paragraph 4 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 4 of the Complaint.

5.      The allegations set forth in Paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 5 of the Complaint.

## PARTIES

6.      Pump denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Pump denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      Pump denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      Pump denies the allegations set forth in Paragraph 9 of the Complaint.

10.     Pump denies the allegations set forth in Paragraph 10 of the Complaint.

11.     Pump denies the allegations set forth in Paragraph 11 of the Complaint.

12.     Pump denies the allegations set forth in Paragraph 12 of the Complaint.

13.     Pump denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Pump denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Pump denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Pump denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Pump denies the allegations set forth in Paragraph 17 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

18.     Pump admits that Plaintiffs purport to bring claims under the Fair Labor Standards Act ("FLSA") as a collective action, but denies the remainder of the allegations set forth in Paragraph 18 of the Complaint.

19.     The allegations set forth in Paragraph 19 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 19 of the Complaint.

20.     The allegations set forth in Paragraph 20 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 20 of the Complaint.

21.     The allegations set forth in Paragraph 21 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 21 of the Complaint.

22.     The allegations set forth in Paragraph 22 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Pump denies knowledge or information sufficient to form a belief as to what Plaintiffs "know," and, therefore, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

## CLASS ACTION ALLEGATIONS

24.     Pump admits that Plaintiffs purport to bring this action on their own behalf and on behalf of a class under Rule 23 of the Federal Rules of Civil Procedure, but denies the remainder of the allegations set forth in Paragraph 24 of the Complaint.

25.     Pump admits that Plaintiffs purport to bring a claims under the New York Labor Law ("NYLL") on behalf of other persons, but denies the remainder of the allegations set forth in Paragraph 25 of the Complaint.

26.     The allegations set forth in Paragraph 26 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 26 of the Complaint.

27.     The allegations set forth in Paragraph 27 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Pump denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Pump denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     The allegations set forth in Paragraph 30 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 30 of the Complaint.

31.     The allegations set forth in Paragraph 31 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Pump denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Pump denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Pump denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Pump denies the allegations set forth in Paragraph 35 of the Complaint.

36.     The allegations set forth in Paragraph 36 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 36 of the Complaint.

37.     The allegations set forth in Paragraph 37 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Pump denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Pump denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Pump denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Pump denies the allegations set forth in Paragraph 41 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

42.     Pump repeats and re-alleges its responses to the allegations in the preceding paragraphs as if fully set forth herein.

43.     Pump denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Pump denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Pump denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Pump denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 46 of the Complaint.  Pump denies the allegations set forth in the second sentence of Paragraph 46 of the Complaint.

47.     Pump denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Pump denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Pump denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Pump denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Pump denies the allegations set forth in Paragraph 51 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**

52.     Pump repeats and re-alleges its responses to the allegations in the preceding paragraphs as if fully set forth herein.

53.     Pump denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Pump denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Pump denies the allegations set forth in Paragraph 55 of the Complaint.

**PRAYER FOR RELIEF**

The "WHEREFORE" clause immediately following Paragraph 55 of the Complaint states a prayer for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, Pump denies that Plaintiffs are entitled to any relief whatsoever either individually or on behalf of others.

## DEMAND FOR TRIAL BY JURY

Pump denies that Plaintiffs are entitled to a trial by jury on all questions of fact as pleaded in the Complaint.

## GENERAL DENIAL

Pump denies each and every allegation not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, cannot establish a willful violation within the meaning of 29 U.S.C. § 255(a) of the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, are not entitled to liquidated damages, pursuant to 29 U.S.C. § 260, because at all times Pump acted in good faith and had reasonable grounds for believing that its acts and/or omissions were not a violation of the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, are not entitled to liquidated damages under the NYLL, because they cannot establish a willful violation of the NYLL.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, cannot recover wages for any hours worked which were not reported in accordance with any applicable policies or procedures.

### SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, have failed to mitigate their damages.

### NINTH AFFIRMATIVE DEFENSE

Pump has met and satisfied any and all obligations to Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, which arose out of and during their employment and, therefore, this action is barred, in whole or in part, by the doctrines of accord and satisfaction.

### TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, are barred to the extent that they have failed to satisfy the statutory prerequisites for commencing this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, have failed to name the proper defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

The FLSA claims of Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, are barred to the extent that the acts or omissions complained of were taken in good faith in accordance with 29 U.S.C. § 259 of the FLSA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The NYLL claims of Plaintiffs, and those persons on whose behalf Plaintiffs purport to bring this action, are barred to the extent that any acts or omissions on the part of Pump were in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approval, or interpretation of administrative practices or enforcement policies, and Pump had reasonable grounds for believing that its acts or omissions were not in violation of the NYLL.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not maintain a NYLL claim as a class action to the extent that their Complaint seeks liquidated damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and those persons on whose behalf Plaintiffs purport to bring this action, are barred to the extent that Pump, in whole or in part, was not a covered enterprise under the FLSA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot satisfy the standards and prerequisites to bring this action as a class action, under Rule 23 of the Federal Rules of Civil Procedure, or a collective action, under the FLSA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and those persons on whose behalf Plaintiffs purport to bring this action, are barred to the extent that they are or were "exempt" from the requirements of the FLSA or the NYLL.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The collective action under the FLSA and class action under Rule 23 asserted in the Complaint are inherently incompatible, and cannot be maintained simultaneously in the same action.

## NINETEENTH AFFIRMATIVE DEFENSE

There was no joint employment relationship between some or all of the Defendants.

## RESERVATION OF RIGHTS

Pump reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this action.

WHEREFORE, having fully answered the allegations in the Complaint, Pump respectfully requests dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorney's fees incurred in the defense of this action, as well as such other and further relief as the Court deems just and proper.


Dated: April 25, 2008          **NIXON PEABODY LLP**
        New York, New York


By:_____S/_____
     Randy S. Gidseg (RG-9024)
437 Madison Avenue
New York, New York 10022
(212) 940-3047 (Tel)
(866) 479-5045 (Fax)
rgidseg@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2008, I served a true and correct copy of the Answer with Affirmative Defenses of Defendants 55th Street Restaurant Operating LLC (incorrectly identified in the Complaint as "55th Street Restaurant Operating Corp.," and doing business as "The Pump Energy Food"), 38th Street Restaurant Operating LLC (doing business as "The Pump Energy Food"), 31st Street Restaurant Operating, LLC, and 21st Street Restaurant Operating, LLC (doing business as "The Pump Energy Food") in the above-captioned matter via electronic case filing, upon:

> Justin A. Zeller, Esq.
> The Law Office of Justin A. Zeller, P.C.
> 251 W. 14th Street, 5th Floor
> New York, New York 10011
> jazeller@zellerlegal.com
>
> *Attorneys for Plaintiffs*
>
> and
>
> David E. Prager, Esq.
> Bond, Schoeneck & King, PLLC
> 330 Madison Avenue, 39th Floor
> New York, NY 10017
> dprager@bsk.com
>
> *Attorneys for Defendant Steven Kapelonis*

Dated: April 25, 2008          **NIXON PEABODY LLP**
       New York, New York


By:_____S/_____
       Randy S. Gidseg (RG-9024)
       437 Madison Avenue
       New York, New York 10022
       (212) 940-3047 (Tel)
       (866) 479-5045 (Fax)
       rgidseg@nixonpeabody.com