**BOND, SCHOENECK & KING, PLLC**
David E. Prager (DP 4009)
330 Madison Avenue
New York, NY 10017
(646) 253-2300

Attorneys for Defendants Steven Kapelonis and Steven Capolini

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRESENCIO VIDAL-MARTINEZ, LEOBARDO PEREZ &
EDUARDO BALLINAS, on behalf of themselves and other
similarly situated employees,

Plaintiffs,

v.

THE PUMP ENERGY FOOD, 55TH STREET
RESTAURANT OPERATING CORP., 38TH STREET
RESTAURANT OPERATING, LLC, 31ST STREET
RESTAURANT OPERATING, LLC, 21ST STREET
RESTAURANT OPERATING, LLC, STEVEN KAPELONIS
& STEVEN CAPOLINI, jointly and individually,

Defendants.

Case No. 08-CV-1688 (LAP)

ECF Case

## ANSWER WITH AFFIRMATIVE DEFENSES
## OF STEVEN KAPELONIS AND STEVEN CAPOLINI

Defendants, Mr. Steven Kapelonis ("Mr. Kapelonis") and Steven Capolini (which, upon information and belief, is an incorrectly spelled reference to Mr. Kapelonis made in the Complaint) (collectively, the "Individual Defendants") as and for their Answer to the Complaint of Cresencio Vidal-Martinez, Leobardo Perez, and Eduardo Ballinas (the "Named Plaintiffs"), by their attorneys Bond, Schoeneck & King PLLC, answer and respond as follows:

1

1. Deny each and every allegation set forth in paragraph 1 of the Complaint.

2. Deny each and every allegation set forth in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 3 of the Complaint and respectfully refer all questions of law therein to the Court.

4. Paragraph 4 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 4 of the Complaint and respectfully refer all questions of law therein to the Court.

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 5 of the Complaint and respectfully refer all questions of law therein to the Court.

6. Deny knowledge and information sufficient to form a belief as to the truth or falsify of the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Deny each and every allegation set forth in paragraph 9 of the Complaint, except deny knowledge and information sufficient to form a belief as to the current corporate status of any of the defendant corporations sued in this action.

10. Deny each and every allegation set forth in paragraph 10 of the Complaint.

11. Deny each and every allegation set forth in paragraph 11 of the Complaint.

12. Deny each and every allegation set forth in paragraph 12 of the Complaint; and further answering, aver that the Individual Defendants are aware of no person named "Steven Capolini," as alleged in the Complaint, and believe that all such references in the Complaint are incorrectly spelled references to Defendant Mr. Kapelonis, who denies the allegations contained in paragraph 12 of the Complaint.

13. Deny each and every allegation set forth in paragraph 13 of the Complaint; and further answering, aver that the Individual Defendants are aware of no person named "Steven Capolini," as alleged in the Complaint, and believe that all such references in the Complaint are incorrectly spelled references to Defendant Mr. Kapelonis, who denies the allegations contained in paragraph 13 of the Complaint.

14. Deny each and every allegation set forth in paragraph 14 of the Complaint.

15. Deny each and every allegation set forth in paragraph 15 of the Complaint.

16. Deny each and every allegation set forth in paragraph 16 of the Complaint.

17. Deny each and every allegation set forth in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 18 of the Complaint and respectfully refer all questions of law therein to the Court.

19. Paragraph 19 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required,

deny each and every allegation contained in paragraph 19 of the Complaint and respectfully refer all questions of law therein to the Court.

20. Paragraph 20 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 20 of the Complaint and respectfully refer all questions of law therein to the Court.

21. Paragraph 21 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 21 of the Complaint and respectfully refer all questions of law therein to the Court.

22. Paragraph 22 of the Complaint and its subparagraphs (a) through (g) set forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 22 of the Complaint and its subparagraphs (a) through (g) and respectfully refer all questions of law therein to the Court.

23. Deny knowledge and information sufficient to form belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint; and further answering, deny that this action may properly be maintained as a class and/or collective action.

24. Paragraph 24 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 24 of the Complaint and respectfully refer all questions of law therein to the Court.

25.  Paragraph 25 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 25 of the Complaint, deny that this action may properly be maintained as a class and/or collective action, and respectfully refer all questions of law therein to the Court.

26.  Paragraph 26 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 26 of the Complaint and respectfully refer all questions of law therein to the Court.

27.  Paragraph 27 of the Complaint sets forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in paragraph 27 of the Complaint and respectfully refer all questions of law therein to the Court.

28.  Deny each and every allegation set forth in paragraph 28 of the Complaint.

29.  Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint; and further answering, deny that this action may properly be maintained as a class and/or collective action.

30.  Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.  Paragraph 31 of the Complaint and its subparagraphs (a) through (e) set forth conclusions of law to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in

paragraph 31 of the Complaint and its subparagraphs (a) through (e) and respectfully refer all questions of law therein to the Court.

32. Deny each and every allegation set forth in paragraph 32 of the Complaint.

33. Deny each and every allegation set forth in paragraph 33 of the Complaint.

34. Deny each and every allegation set forth in paragraph 34 of the Complaint.

35. Deny each and every allegation set forth in paragraph 35 of the Complaint.

36. Deny each and every allegation set forth in paragraph 36 of the Complaint.

37. Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38. Deny each and every allegation set forth in paragraph 38 of the Complaint.

39. Deny each and every allegation set forth in paragraph 39 of the Complaint.

40. Deny each and every allegation set forth in paragraph 40 of the Complaint.

41. Deny each and every allegation set forth in paragraph 41 of the Complaint.

42. Repeat and reallege their answers to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Deny each and every allegation set forth in paragraph 43 of the Complaint.

44. Deny each and every allegation set forth in paragraph 44 of the Complaint.

45. Deny each and every allegation set forth in paragraph 45 of the Complaint.

46. Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint; and further answering, deny that any written consents are attached to the Complaint.

47. Deny each and every allegation set forth in paragraph 47 of the Complaint.

48. Deny each and every allegation set forth in paragraph 48 of the Complaint.

49. Deny each and every allegation set forth in paragraph 49 of the Complaint.

50. Deny each and every allegation set forth in paragraph 50 of the Complaint.

51. Deny each and every allegation set forth in paragraph 51 of the Complaint.

52. Repeat and reallege their answers to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. Deny each and every allegation set forth in paragraph 53 of the Complaint.

54. Deny each and every allegation set forth in paragraph 54 of the Complaint.

55. Deny each and every allegation set forth in paragraph 55 of the Complaint.

56. The unnumbered section titled "Prayer for Relief" immediately following paragraph 55 of the Complaint and the subparagraphs (a) thorough (i) immediately following such section set forth a prayer for relief to which no responsive pleading is required; but to the extent any responsive pleading is required, deny each and every allegation contained in such prayer for relief, and further answering, deny that plaintiffs are entitled to any of the relief or alleged damages sought by them in this action, either individually or on behalf of others.

### FIRST AFFIRMATIVE DEFENSE

57. No natural person related to this action exists named Steven Capolini.

58. The Complaint was not served upon, and states no claim upon which relief may be granted, as to any person named Steven Capolini.

### SECOND AFFIRMATIVE DEFENSE

59. The Individual Defendants are not and were not "employers" within the meaning of the statutes alleged, during the periods alleged in the Complaint, in whole or in part.

## THIRD AFFIRMATIVE DEFENSE

60. The Individual Defendants have no personal liability under the legal theories and/or factual allegations asserted by the Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

61. Plaintiffs do not meet the standards and prerequisites for maintenance of a class action under Fed R. Civ. P. Rule 23.

## FIFTH AFFIRMATIVE DEFENSE

62. Opt in plaintiffs are not or may not be similarly situated as required for a collective action under the Fair Labor Standards Act ("FLSA").

63. This case is not appropriate as a collective action under the FLSA because Plaintiffs are not similarly situated to the other purported members of this action.

## SIXTH AFFIRMATIVE DEFENSE

64. Plaintiffs may not maintain a New York Labor law claim as a class action in a Complaint which seeks liquidated damages.

## SEVENTH AFFIRMATIVE DEFENSE

65. The Federal and State collective and class actions asserted in the Complaint are inherently incompatible, and may not be simultaneously maintained in the same proceeding.

## EIGHTH AFFIRMATIVE DEFENSE

66. The Individual Defendants have acted in a good faith belief that they are and were complying with all applicable provisions of the FLSA and NYLL.

## NINTH AFFIRMATIVE DEFENSE

67. The Individual Defendants had and have no intention to violate any provision of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL"). They did not and are not willfully violating the FLSA or the NYLL.

68. Plaintiffs are not entitled to liquidated damages for a willful violation under the NYLL.

69. Plaintiffs are not entitled to the provisions relating to willful violations under the FLSA.

## TENTH AFFIRMATIVE DEFENSE

70. To the extent that any of the plaintiffs are or were "exempt" employees within the meaning of the statutes sued upon, they are not entitled to any relief in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claims are barred, in whole or in part, by the doctrine of Accord and Satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

72. Plaintiffs' claims are barred, in whole or in part, by the doctrine of Unclean Hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

73. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

18317.1 4/25/2008

## FOURTEENTH AFFIRMATIVE DEFENSE

74. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

75. To the extent any of the state law claims accrued outside of New York State and are pursued by a nonresident of New York, the provisions of CPLR §202 would govern and a shorter limitations period would be applicable to any such claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

76. Each corporate employer is an independent enterprise, and there is no joint employment or integrated enterprise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

77. During the periods alleged, in whole or in part, various of the defendant corporations sued in this action were not covered enterprises under the Fair Labor Standards Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

78. Plaintiffs cannot recover wages for any hours worked which were not reported in accordance with any applicable policies or procedures.

79. To the extent that any of the Plaintiffs worked compensable hours for which they were not compensated, the Defendants did not have knowledge of such work being performed.

### NINETEENTH AFFIRMATIVE DEFENSE

80. All or various members of the purported or putative class have been paid overtime for hours worked over 40 in a workweek, and for any applicable "spread of hours," during their employment.

### TWENTIETH AFFIRMATIVE DEFENSE

81. Plaintiffs fail, in whole or in part, to state a claim upon which relief can be granted.

### Demand for Trial by Jury

Plaintiffs are not entitled to a trial by jury on all questions of fact as pleaded in the Complaint.

### Reservation of Rights

The Individual Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

18317.1 4/25/2008

**PRAYER FOR RELIEF**

**WHEREFORE**, The Individual Defendants deny that the Plaintiffs or any other individuals are entitled to any relief requested in the Complaint and respectfully request that judgment be rendered against Plaintiffs dismissing this action in its entirety with prejudice, and awarding all appropriate attorneys fees, costs, and such other relief as this Court may deem appropriate.

Dated: April 25, 2008

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

_____
David E. Prager, Esq. (DP 4009)
330 Madison Avenue
New York, NY  10017-5001
(646) 253-2330
*Attorneys for Individual Defendants*
*Steven Kapelonis, also incorrectly referred*
*to in the caption as Steven Capolini*

TO:   Justin A. Zeller, Esq.
      THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
      251 West 14th Street, 5th Floor
      New York, New York  10011
      (212) 897-5859
      *Attorneys for the Plaintiffs*

      Randy S. Gidseg, Esq.
      NIXON PEABODY LLP
      437 Madison Avenue
      New York, New York 10022
      (212) 940-3047
      *Attorneys for Defendants:*
      *Pump Energy Food,*
      *21st Street Restaurant Operating LLC*
      *31st Street Restaurant Operating LLC*
      *38th Street Restaurant Operating LLC*
      *55th Street Restaurant Operating LLC*

## CERTIFICATE OF SERVICE

       I hereby certify that I am an attorney duly admitted to practice before this court, and that on April 25, 2008, I electronically filed the **Answer of Steven Kapelonis and Steven Capolini** with the Clerk of the District Court using the CM/ECF system, which caused electronic notification of such filing to be sent to the following:

       Justin A. Zeller, Esq.
       THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
       251 West 14th Street, 5th Floor
       New York, New York  10011
       (212) 897-5859
       *Attorneys for the Plaintiffs*

       and

       Randy S. Gidseg, Esq.
       NIXON PEABODY LLP
       437 Madison Avenue
       New York, New York 10022
       (212) 940-3047
       *Attorneys for Defendants:*
       *Pump Energy Food,*
       *21st Street Restaurant Operating LLC*
       *31st Street Restaurant Operating LLC*
       *38th Street Restaurant Operating LLC*
       *55th Street Restaurant Operating LLC*

       And, I hereby further certify that I have caused to be served via Federal Express overnight delivery service the same document to the above individuals, by depositing them in prepaid envelopes for hand delivery on April 25, 2008.

                                                                      David E. Prager, Esq.