**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CRESENCIO VIDAL-MARTINEZ,
LEOBARDO PEREZ, & EDUARDO
BALLINAS, on behalf of themselves and other
similarly situated employees,

                    Plaintiffs,

        v.

THE PUMP ENERGY FOOD, 55TH STREET
RESTAURANT OPERATING CORP., 38TH
STREET RESTAURANT OPERATING LLC, 31ST
STREET RESTAURANT OPERATING, LLC,
21ST STREET RESTAURANT OPERATING,
LLC, STEVEN KAPELONS & STEVEN
CAPOLONI, jointly and individually,

                    Defendants.



RECEIVED

AUG 13 2008

LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S. D N Y.

08-CV-1688
(LAP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/08

### STIPULATION AND ORDER OF CONFIDENTIALITY

        This Stipulation and Order of Confidentiality ("Order") is made and entered into as of July

14, 2008, by and between Defendants 55th Street Restaurant Operating LLC (incorrectly identified

in the Complaint as "55th Street Restaurant Operating Corp."), 38th Street Restaurant Operating

LLC, 31st Street Restaurant Operating, LLC, and 21st Street Restaurant Operating, LLC

(collectively, "the Pump Entities") and Defendant Steven Kapelonis ("Kapelonis") (together,

"Defendants"), and Plaintiffs Cresencio Vidal-Martinez, Leobardo Perez, and Eduardo Ballinas

("Plaintiffs") (collectively, the "parties"), through their respective counsel, in the above-captioned

matter (the "Litigation").

        WHEREAS, the parties have agreed to the terms and conditions set forth in this Order, and

respectfully request that the Court, subject to its approval, enter the same;

WHEREAS, the documents and testimony sought in this matter may be of a highly confidential, proprietary and/or private nature; and

WHEREAS, entry of this Order will permit the orderly conduct of discovery with respect to confidential, proprietary and/or private information, without the risk of disclosure of such information; and

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:

1.      This Order shall apply to the parties and their respective counsel, any subsequent parties in this litigation and their counsel, and any parties and their counsel in any action that may be consolidated with the Litigation.

2.      This Order shall govern the use of all transcripts of depositions, answers to interrogatories, responses to requests for admissions, and all documents and information that may be produced in response to the parties' discovery requests, marked as exhibits during depositions or exchanged at other times in the course of the Litigation (including all copies or excerpts thereof) to the extent such materials contain "Confidential Information."

3.      "Confidential Information" as used herein means any type of information, whether in the form of documents (as defined by Local Civil Rule 26.3) or testimony, which is designated by the supplying party as "Confidential" (in accordance with Paragraph 4 hereof) and which is not publicly discernible, discoverable or available to the general public, including, but not limited to:  (a) all personal, private information (including medical information) concerning present or former employees of the Defendants, including the Plaintiffs, (b) all personal, private information (including medical information) concerning Kapelonis or any officer, director, manager, agent or representative of any of the Pump Entities, and (c) all financial, proprietary or business information relating to the Defendants; provided, however, that information which is only made discernible, discoverable or

- 2 -

available to the general public as a result of a breach of this Agreement shall still be considered

Confidential Information.

4.    The parties shall designate Confidential Information as such in the following manner:

(a)    Documents produced or exchanged in the course of the Litigation shall be marked by the producing party as "CONFIDENTIAL," or the producing party may produce a list of the Bates numbers of those documents which should be treated as "Confidential Information." A party may subsequently designate a produced document as "Confidential Information" by: (i) notifying opposing counsel that it is designating the document as "Confidential Information" and producing additional copies of the documents marked as "CONFIDENTIAL," or (ii) producing a list of the Bates numbers of those documents which should be treated as "Confidential Information."

(b)    Information disclosed at the deposition of a party (or one of its present or former officers, directors, managers or employees), or any consultant, advisor or expert (and their respective employees) retained by a party in the Litigation, may be designated by such party as Confidential Information by indicating on the record at the deposition that the testimony (or a certain portion thereof) is to be deemed Confidential Information, subject to the terms of this Order. A party may subsequently designate information disclosed at such deposition as Confidential Information by giving all other parties written notice, within thirty (30) days of the party's receipt of the transcript, of the specific pages and lines of transcript which should be designated as Confidential Information.

5.    All Confidential Information shall be treated in strict confidence and may only be

shared with, disclosed to or used, for purposes of and in connection with the Litigation, by: (a) the

Court and Court personnel, and (b) Qualified Persons. For purposes of this Order, "Qualified

Persons" shall mean:

(i)    The parties and any officers, directors, managers, or employees thereof; and

(ii)    Counsel representing any party to this litigation (and employees of such counsel with which such counsel are associated); and

(iii)    Consultants, advisors and experts (and their respective employees) retained by any party or their counsel; and

- 3 -

  (iv) Witnesses or potential witnesses contacted by counsel, but only
for the purpose of obtaining evidence or testimony for any
deposition, hearing, trial or other proceeding in this litigation.

6. Prior to providing any Qualified Person with access to documents or information
containing Confidential Information, the providing party shall expressly advise such Qualified
Person that such documents or information are confidential, and shall not be shared, disclosed or
used contrary to the terms of this Order. In addition, each such Qualified Person shall agree, in
writing, in the form annexed hereto as Exhibit A, to abide by the terms of this Order.

7. In filing any pleading or other document with the Court that contains Confidential
Information, the parties shall preserve the confidentiality of such information by filing under seal, in
whole or in part (as necessary to maintain confidentiality), until such time as the Court orders
otherwise; provided, however, that: (a) the parties may agree on an alternative method for preserving
the confidentiality of such Confidential Information in pleadings or other documents filed or
submitted to the Court, and (b) a party which produces documents or information containing
Confidential Information may decide. in its sole and absolute discretion, to waive the protections of
this Order.

8. In the event a party wishes to obtain an exemption from the terms of this Order and
the parties are unable to agree on the scope of such exemption, the party seeking such exemption
may apply to the Court for appropriate relief, and the party seeking such exemption shall have the
burden of demonstrating to the Court why such exemption should be granted. In the event a party
applies to the Court for such relief, any information designated as Confidential Information which is
at issue shall be filed under seal until such time as the Court orders otherwise.

9. The inadvertent or unintentional disclosure by a supplying part of Confidential
Information, regardless of whether the information was so designated at the time of disclosure shall
not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to

- 4 -

specific information disclosed or as to any other information relating thereto or the same or related subject matter.

10.    A party shall not be obligated to challenge the propriety of the designation of documents or information as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this Litigation disagrees at any point with the designation of any documents or information as Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the objecting party may seek appropriate relief from the Court. Moreover, the execution of this Order is without prejudice to the right of any party to apply to the Court at any time for additional protections or exceptions, or such other additional relief as may be necessary or appropriate.

11.    Within sixty (60) days of the termination of the Litigation, by entry of a final judgment that has become non-appealable, an order of discontinuance, or otherwise, each original and every copy of each document which contains Confidential Information shall either by returned to the producing party or destroyed, except that counsel may retain: (a) any attorney work product, attorney client communications or otherwise privileged documents containing Confidential Information, (b) the originals of any transcripts and depositions exhibits containing Confidential Information, and (c) a copy of any pleadings and attachments containing Confidential Information, for archival and business purposes.

12.    The issue of the confidentiality of evidence at trial is specifically reserved for subsequent action by the Court.

- 5 -

13.    Nothing contained in this Order shall be deemed a waiver by any party of its right to

object to the production and/or admissibility of any records on the grounds of relevance, materiality,

privilege or otherwise.

14.    This Order, and the obligations of all persons set forth herein,

shall survive the termination of this litigation and shall continue in full force and effect.

**AGREED TO:**

**NIXON PEABODY LLP**                                      **BOND, SCHOENECK & KING, PLLC**

By: _____                          By: _____
    Randy S. Gidseg (RG-9024)                            David E. Prager, Esq. (DP-4009)
437 Madison Avenue                                       330 Madison Avenue
New York, New York 10022                                 New York, NY 10017
212-940-3047 (Tel)                                       (646) 253-2330 (Tel)
866-479-5045 (Fax)                                       (646) 253-2375 (Fax)
rgidseg@nixonpeabody.com                                 dprager@bsk.com
*Attorneys for Defendants*                               *Attorneys for Defendant Steven Kapelonis*
*the Pump Entities*

**THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.**

By: _____
    Justin A. Zeller (JZ-7094)
251 W. 14th Street, 5th Floor
New York, New York 10011
212-229-2249
jazeller@zellerlegal.com
*Attorneys for the Plaintiffs*

**SO ORDERED:**

_____
Loretta A. Preska, U.S.D.J.

August 14, 2008

- 6 -